**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AKLILIUN ZERATSION,<br>*Petitioner* | §<br>§<br>§ | |
| v. | § | Case No. SA-26-CV-01538-XR |
| THE DEPARTMENT OF HOMELAND SECURITY, ICE, WARDEN, SOUTH TEXAS ICE PROCESSING CENTER,<br>*Respondents* | §<br>§<br>§ | |

**<u>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u>**

On this date, the Court considered Akliliun Zeratsion's Petition for a Writ of Habeas Corpus (ECF No. 1) and the Federal Respondents' response (ECF No. 6). After careful consideration, the Petition (ECF No. 1) is **GRANTED**.

## BACKGROUND

Petitioner challenges the legality of his immigration-related detention. *See generally* ECF No. 1. Petitioner is a native and citizen of Eritrea. ECF No. 6 at 2. He entered the United States in November 2024 and was immediately detained. *Id.* at 1. On August 8, 2025, an immigration judge denied his asylum claim and order him removed to Eritrea. *Id*. at 2. Petitioner waived appeal, so his order became final on that date. *Id.*

Respondents have not removed Petitioner. He remains detained at the South Texas ICE Processing Center in Pearsall, Texas. *Id.*

## LEGAL STANDARD

A habeas petitioner must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). The petitioner "bears the burden of proving that he is being held contrary to law; and because the habeas proceeding is civil in nature,

the petitioner must satisfy his burden of proof by a preponderance of the evidence." *Id.* (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). "A court considering a habeas petition must 'determine the facts, and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

**DISCUSSION**

Petitioner challenges the legality of his post-removal-order detention. ECF No. 1. Respondents argue that 8 U.S.C. § 1231 authorizes Petitioner's detention. ECF No. 6 at 3.

Section 1231 "authorizes the detention of aliens who have already been ordered removed from the country." *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018). "Under this section, when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, . . . and the alien must be detained during that period." *Id.*

If the government fails to remove the alien during that period, the Government may exercise discretion to continue detaining certain aliens for as long as is "reasonably necessary" to secure their removal. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001); 8 U.S.C. § 1231(a)(6). But this discretion is not "unlimited." *Zadvydas*, 533 U.S. at 697. Under *Zadvydas*, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized."[1] Thus, a court assessing detention *beyond* the removal period must ask "whether the detention in question exceeds a period reasonably necessary to secure removal." *Id.*

To aid this inquiry, the *Zadvydas* court recognized a "presumptively" reasonable period of post-removal-order detention lasting six months. *Id.* A detained person who brings a *Zadvydas* claim *before* the presumptively reasonable six-month period must prove "that there is no

---

[1] *Id.* at 699. The *Zadvydas* Court limited its holding to "aliens who were admitted to the United States but subsequently ordered removed." *Id.* at 682. But the Supreme Court later extended the holding to aliens who were never admitted and charged as inadmissible under 8 U.S.C. § 1182. *Clark v. Suarez Martinez*, 543 U.S. 371 (2005).

significant likelihood of removal in the reasonably foreseeable future." *Id.* To make out a *Zadvydas* claim *after* the six months have run, a detained noncitizen need only "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. If he does so, "the Government must respond with evidence sufficient to rebut that showing." *Id.* And "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.

Here, Respondents have detained Petitioner for more than 11 months following entry of his final order of removal.

**A. There Is a Good Reason to Believe Removal Is Not Reasonably Foreseeable**

Respondents argue that Petitioner cannot show 'good reason' to believe that removal is unlikely in the reasonably foreseeable future. ECF No. 6 at 3. Consequently, they argue that Petitioner has not shifted the burden to Respondents to show that removal is likely. *Id.*

But there is good reason to believe that removal is not reasonably foreseeable: He has now been detained 11 months without any meaningful progress toward deportation. "[A]s the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701. The fact that Petitioner fully complied with Respondents' efforts to deport him but nonetheless remains detained after 11 months provides a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

**B. The Government Fails to Show a Significant Likelihood of Removal in the Reasonably Foreseeable Future**

Given a good reason to believe that removal is not reasonably foreseeable, the remaining question is whether the Respondents have evidence to the contrary. They assert the following to support the conclusion that removal is reasonably foreseeable:

(1) a travel document request was submitted on March 5, 2026, and remains pending; and

(2) "Federal Respondents have been diligently trying to effectuate the removal of Petitioner by getting travel documents."

ECF No. 6 at 2, 5.

This evidence alone is insufficient to meet the Government's burden of demonstrating likelihood of removal in the reasonably foreseeable future. *See Bah v. Cangemi*, 489 F. Supp. 2d 905, 923 (D. Minn. 2007) (granting a petition based on *Zadvydas* when the Government was unable to secure travel documents from Liberia). Petitioner has now been detained for over 11 months. At this stage, the mere fact that Eritrea has not affirmatively refused Petitioner does not establish that he will soon be deported to there. If anything, the longer Eritrea delays in accepting Petitioner, the more remote that possibility appears. "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Rios v. Trump*, No. 25-1320 SEC P, 2026 U.S. Dist. LEXIS 62703, at *4–5 (W.D. La. Mar. 24, 2026). "[I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700. Petitioner's detention is unlawful and he must be released.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED.** It is **ORDERED** that:

1. Respondents are **DIRECTED** to **RELEASE** Petitioner (A221-349-084) from custody, under conditions no more restrictive than those in place before the detention at issue in this case, to a public place by **August 5, 2026**;

2. Respondents shall **FILE** a Status Report **August 7, 2026**, confirming that Petitioner has been released.

A final judgment will issue separately.

It is so **ORDERED**.

**SIGNED** this August 3, 2026.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE